**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**XUN YU, ZENG**

      Plaintiff,

v.

**MAN KHI LAM, INC., a Colorado Corporation**
**and**
**WEI FENG, HUANG, an Individual.**

      Defendants.

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

---

Plaintiff, by and through undersigned counsel, file this Complaint for Unpaid Wages against the above-listed Defendant.

**STATEMENT OF THE CASE**

1. Defendants Man Khi Lam, Inc. and Wei Feng Huang (hereinafter: "Defendants") employed Plaintiff as a restaurant laborer to work long hours for low wages in Defendants' restaurant, doing business as New China Kitchen, located at 250 Federal Blvd, Denver, CO 80219.

2. Defendants refused to pay Plaintiff's overtime premiums for overtime hours worked.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6- 101 et seq., as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1 because the MWA, via the COMPS, requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each

hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

5. Defendants also failed to provide Plaintiff with rest periods during their shifts.

6. Defendants thus violated the MWA, via the COMPS, because it requires employers to provide their employees with a ten-minute rest period for each four-hour work period.

7. Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4- 101, et seq., which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

8. Colorado and federal wage law permit an aggrieved employee to recover unpaid wages not only from the entity that employed her, but also from any individual who "effectively dominates [the employer entity's] administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." Dole v. K.B.R. Enterprises, Inc., No. CIV. A. 88-A-442, 1989 WL 71784, at *4 (D. Colo. June 27, 1989); Donovan v. Agnew, 712 F.2d 1509, 1511-12 (1st Cir. 1983) ("The overwhelming weight of authority provides that an individual, along with the corporation, can be held jointly and severally liable for FLSA violations).

9. Plaintiff seeks actual and liquidated damages, penalties, pre- and post-judgment interest, and attorney fees and costs resulting from Defendants' willful violations of state and federal law.

## PARTIES, JURISDICTION, AND VENUE

10. Plaintiff Xun Yu Zeng was employed by Defendants from approximately December 1, 2018 through August 30, 2022. Plaintiff Xun Yu Zeng's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

11. Defendant Man Khi Lam Inc., is a registered Colorado corporation with a principal street address of 250 Federal Blvd., Denver, CO 80219, United States, and an office mailing address at 7586 W Jewell Ave Ste 304, Lakewood, CO 80232, United States.

12. On information and belief, Defendant Wei Feng Huang is an individual owner, registered agent and a manager of Man Khi Lam Inc., and he effectively dominate Man Khi Lam Inc.'s administration or otherwise act, or have the power to act, on behalf of the corporation vis-a-vis its employees and are properly named individually in this matter. He

has a street address of 5981 South Helena Street, Centennial, CO 80016, United States, and he has a mailing address of 7586 W Jewell Ave Ste 304, Lakewood, CO 80232, United States.

13. Plaintiff is informed and believes, and thereon alleges, that Man Khi Lam Inc. was at all times relevant the alter ego of Mr. Wei Feng Huang. Plaintiff alleges that the corporate veil between and should be pierced because of the existence of misrepresentation, wrongdoing, or injustice to the Plaintiff, because the Defendants failed to maintain separate identities among them.

14. Plaintiff is informed and believes, and thereon alleges that, at all times herein mentioned, there existed and now exists a unity of interest and ownership between the and that the individuality and separateness of the Defendants has ceased.

15. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 et seq. and 26 U.S.C. § 7434.

16. Plaintiff requests that this Court exercise supplemental jurisdiction over their claims arising under the MWA, CRS, COMPS, and the CWCA. 28 U.S.C. § 1367.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

18. Plaintiff worked as kitchen laborer in Defendants' New China Kitchen.

19. Though Plaintiff regularly worked more than 40 hours each workweek, Defendants refused to pay them overtime wages for overtime hours worked.

20. For example, consistent throughout his time at New China Kitchen, Plaintiff worked from 10:00 a.m. until at least 9:00 p.m. three days per week, and from 10:00 a.m. until 9:30 p.m. on Fridays and Saturdays, and from 11:00 a.m. until 9:00 p.m. on Sundays for a total of 66 hours per week. Defendants failed to pay Plaintiff overtime wages for overtime hours worked, as well as his minimum wage.

21. Defendants also failed to provide Plaintiff with a 10-minute rest period for each four hours worked as required by law.

22. Each year relevant to this action, Plaintiff handled inventory, foodstuffs, dishes, silverware, cleaning materials and other materials which moved in interstate commerce.

23. On 8/29/2022, Defendant Wei Feng Huang assaulted the Plaintiff, and punched the Plaintiff in the eye while cursing at him regarding the fact that he thinks that the Plaintiff is not working hard enough.

24. Plaintiff defended himself and was summarily fired shortly thereafter.

25. Plaintiff hereby demand payment in an amount equal to all earned but unpaid wages due plus an equal amount in liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

### FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 et seq.)

26. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

27. Plaintiff was Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

28. Defendants "employed" Plaintiff as that term is defined by the FLSA. 29 U.S.C. § 203(g).

29. Defendants were Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

30. Colorado and federal wage law permit an aggrieved employee to recover unpaid wages not only from the entity that employed her, but also from any individual who "effectively dominates [the employer entity's] administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." Dole v. K.B.R. Enterprises, Inc., No. CIV. A. 88-A-442, 1989 WL 71784, at *4 (D. Colo. June 27, 1989); Donovan v. Agnew, 712 F.2d 1509, 1511-12 (1st Cir. 1983) ("The overwhelming weight of authority provides that an individual, along with the corporation, can be held jointly and severally liable for FLSA violations).

31. Defendants violated the FLSA when it refused to pay Plaintiff overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

32. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

33. Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

34. Plaintiff is entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101 et seq., as implemented by the COMPS

35. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

36. Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

37. Plaintiff was Defendants' "employees" as that term is defined by the COMPS because he performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

38. Colorado and federal wage law permit an aggrieved employee to recover unpaid wages not only from the entity that employed her, but also from any individual who "effectively dominates [the employer entity's] administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." Dole v. K.B.R. Enterprises, Inc., No. CIV. A. 88-A-442, 1989 WL 71784, at *4 (D. Colo. June 27, 1989); Donovan v. Agnew, 712 F.2d 1509, 1511-12 (1st Cir. 1983) ("The overwhelming weight of authority provides that an individual, along with the corporation, can be held jointly and severally liable for FLSA violations).

39. Defendants violated the COMPS when they refused to pay Plaintiff overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4.1.1).

40. Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

41. Plaintiff is entitled to recover unpaid wages, attorney fees and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### THIRD CLAIM – Failure to Provide Paid Rest Periods
### Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101 et seq., as implemented by the COMPS

42. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

43. Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

44. Plaintiff was Defendants' "employee" as that term is defined by the COMPS because he performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

45. Colorado and federal wage law permit an aggrieved employee to recover unpaid wages not only from the entity that employed her, but also from any individual who "effectively dominates [the employer entity's] administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." Dole v. K.B.R. Enterprises, Inc., No. CIV. A. 88-A-442, 1989 WL 71784, at *4 (D. Colo. June 27, 1989); Donovan v. Agnew, 712 F.2d 1509, 1511-12 (1st Cir. 1983) ("The overwhelming weight of authority provides that an individual, along with the corporation, can be held jointly and severally liable for FLSA violations).

46. Defendants violated the COMPS when they refused to provide Plaintiff with paid rest periods. 7 CCR 1103-1(5.2).

47. Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

48. Plaintiff is entitled to recover unpaid wages, attorney fees and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### FOURTH CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, et seq.)

49. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

50. Defendants were Plaintiff's "employer" as that term is defined by the CWCA because they employed Plaintiff in Colorado. C.R.S. § 8-4-101(6).

51. Plaintiff was Defendants' "employee" as that term is defined by the CWCA because he performed labor for the benefit of Defendants. C.R.S. § 8-4-101(5).

52. Colorado and federal wage law permit an aggrieved employee to recover unpaid wages not only from the entity that employed her, but also from any individual who "effectively dominates [the employer entity's] administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." Dole v. K.B.R. Enterprises, Inc., No. CIV. A. 88-A-442, 1989 WL 71784, at *4 (D. Colo. June 27, 1989); Donovan v. Agnew, 712 F.2d 1509, 1511-12 (1st Cir. 1983) ("The overwhelming weight of authority provides that an individual, along with the corporation, can be held jointly and severally liable for FLSA violations).

53. Defendants violated the CWCA when it failed to pay Plaintiff all earned, vested and determinable wages upon termination of employment. C.R.S. § 8-4-109.

54. As a result, Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

55. Plaintiff is entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

## FIFTH CLAIM – Assault and Battery

## **Violation of Colorado Revised Statute**

56. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

57. In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. 28 U.S. Code § 1367 (a).

58. On 8/29/2022, as a part of his mistreatment of the Plaintiff, Defendant Wei Feng Huang intended to cause an offensive or harmful physical contact with the plaintiff or intended to place the plaintiff in apprehension of such contact; and

59. Defendant Wei Feng Huang placed the plaintiff in apprehension of immediate physical contact.

60. Defendant Wei Feng Huang's acts resulted in physical contact with the plaintiff; and

61. The defendant intended to make harmful or offensive physical contact with the plaintiff and knew that he would probably make such contact); and

62. Defendant suffered physical pain and injury as a result of Defendant Wei Feng Huang's Assault and Battery.

63. Plaintiff is entitled to recover in a civil action his medical bills, as well as damages incurred as he went through pain and suffering.

**WHEREFORE**, Plaintiff prays, as to his FIRST CLAIM, for unpaid overtime wages brought pursuant to the FLSA, that:

   a. He be awarded unpaid overtime premiums;
   b. He be awarded liquidated damages as required by law;
   c. He be awarded pre-judgment and post-judgment interest as permitted by law;
   d. He be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and
   e. He be awarded such other and further relief as may be necessary and appropriate.

And, as to his SECOND CLAIM, for unpaid overtime wages brought pursuant to the COMPS, that:

   a. He be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(8.1(A));
   b. He be awarded such other and further relief as may be necessary and appropriate.

And, as to his THIRD CLAIM, for unpaid rest periods brought pursuant to the COMPS, that:

   a. He be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(8.1(A));
   b. He be awarded such other and further relief as may be necessary and appropriate.

And, as to his FOURTH CLAIM, for unpaid earned, vested and determinable wages brought pursuant to the CWCA that:

   a. He be awarded the wages earned, vested and determinable wages they are due per C.R.S. § 8-4-109;
   b. He be awarded statutory penalties per C.R.S. § 8-4-109;
   c. He be awarded attorney fees and costs of suit per C.R.S. § 8-4-110;
   d. He be awarded such other and further relief as may be necessary and appropriate.

And, as to his FIFTH CLAIM, for unpaid overtime wages brought pursuant to the COMPS, that:

a. He be compensated for medical payments that he'd incurred as a result of Defendants' assault and battery;
b. He be compensated for pain & suffering that he'd suffered as a result of Defendants' assault and battery;
c. He be awarded attorney fees and costs of suit;
d. He be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/Yun Wang
**Yun Wang**
Britt, Tshering & Wang , LLC.
1600 Broadway,
Denver, CO, 80202
Suite 1600
ywang@btwlegal.com
720-998-5039
*Attorney for Plaintiff*